IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,070 & AP-76,071




EX PARTE DANIEL EDWARD MURRAY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. W366-80173-06(HC) & W366–80248-05(HC)
IN THE 366TH DISTRICT COURT FROM COLLIN COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault, indecency with a child, and possession of child pornography. Punishment was assessed at
thirty years, twenty years, and ten years’ imprisonment, respectively. Appeals were dismissed
because notice was untimely. Murray v. State, Nos. 05-08-172-CR and 05-08-298-CR (Tex. App. -
Dallas, delivered March 19, 2008, no pet.). 
            Applicant contends that his counsel rendered ineffective assistance because he failed to file
timely notices of appeal. The trial court has determined that appellate counsel failed to file notices
of appeal when miscalculated the date such notice was due, and recommends that relief be granted. 
We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of the
judgments of conviction in Cause Nos. 366-80173-06 and 366-80248-05 in the 366th District Court
of Collin County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
            Applicant’s remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).
 
Delivered: January 14, 2009
Do Not Publish